AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case: 1:21-MJ-00012 |
| | ) Assigned to: Judge G. Michael Harvey |
| Michael Thomas Curzio | ) Assigned Date: 1/7/2021 |
| | ) Description: COMPLAINT W/ ARREST WARRANT |
| _____ | ) |
| *Defendant* | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    Michael Thomas Curzio

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☑ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 1752 (a) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; or Knowingly, With Intent to Impede Government Business or Official Functions, Engaging in Disorderly Conduct on Capitol Grounds

40 U.S.C. 5104 (e)(2) - Violent Entry and Disorderly Conduct on Capitol Grounds

Date:     01/07/2021

G. Michael Harvey
2021.01.07 20:09:17 -05'00'

*Issuing officer's signature*

City and state:   Washington, DC

G. MICHAEL HARVEY, U.S. Magistrate Judge

*Printed name and title*

| Return |
|---|

This warrant was received on *(date)* 1/11/2021 , and the person was arrested on *(date)* 1/14/2021
at *(city and state)* Summerfield, FL .

Date: 1/15/2021

*Arresting officer's signature*

Craig Arney Special Agent

*Printed name and title*

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Cindy Fitchett-l~~~~~~; Michael<br>Curzio-~~~~~~; Douglas Sweet-I~~~~~~<br>~~~~~~'; Terry Brown-l~~~~~~<br>Bradley Rukstales-~~~~~~; and<br>Thomas Gallgher-~~~~~~ | ) Case: 1:21-MJ-00012<br>) Assigned to: Judge G. Michael Harvey<br>) Assigned Date: 1/7/2021<br>) Description: COMPLAINT W/ ARREST WARRANT<br>)<br>)<br>) |

_____
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the

_____ District of_____Columbia_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1752 (a) | Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; or Knowingly, With Intent to Impede Government Business or Official Functions, Engaging in Disorderly Conduct on Capitol Grounds |
| 40 U.S.C. 5104 (e)(2) | Violent Entry and Disorderly Conduct on Capitol Grounds |

This criminal complaint is based on these facts:

See attached statement of facts.

✔ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph Bruno, United States Capitol Police
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone (specify reliable electronic means).

Date:  ___January 7, 2021___

G. Michael Harvey
2021.01.07 20:06:58 -05'00'

_____
*Judge's signature*

City and state:   ___Washington, District of Columbia___

G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

Assigned to: Judge G. Michael Harvey
Assigned Date: 1/7/2021
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

On January 6, 2021, I was on duty and performing my official duties as an Officer in the United States Capitol Police. Specifically, I was detailed and deployed in uniform at the United States Capitol building to provide protective functions for members of Congress and their staff. As an Officer in the United States Capitol Police, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Vice President Mike Pence was present and presiding in the Senate chamber.

With the joint session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. Temporary and permanent barricades surround the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades and officers of the U.S. Capitol Police, and the crowd advanced to the exterior façade of the building. At such time, the joint session was still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows. Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

In this context, at or about 3:00 p.m., I responded along with other members of the Capitol Police to a disturbance involving several dozen people who were inside the United States Capitol without lawful authority, under the circumstances described above.  I observed the crowd moving together in a disorderly fashion, and I observed members of the crowd engage in conduct such as making loud noises, and kicking chairs, throwing an unknown liquid substance at officers, and spraying an unknown substance at officers.

In a loud and clear voice, Capitol Police Officers ordered the crowd to leave the building. The crowd did not comply, and instead responded by shouting and cursing at the Capitol Police Officers.  I observed that the crowd, which at the time was located on the Upper Level of the United States Capitol Visitors Center near the door to the House Atrium, included the six individuals who were later identified to be Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry

Brown, Bradley Rukstales, and Thomas Gallgher.  These six individuals were positioned towards the front of the crowd, close to the Capitol Police Officers who were responding, and to the officer who issued the order to leave.  The six individuals, like others in the larger crowd, willfully refused the order to leave.  The six individuals, Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry Brown, Bradley Rukstales, and Thomas Gallgher, were removed from the crowd, placed in handcuffs, and arrested. Subsequently, Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry Brown, Bradley Rukstales, and Thomas Gallgher were all issued Citations to Appear in the District of Columbia Superior Court on a later date.

Based on the foregoing, your affiant submits that there is probable cause to believe that the Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry Brown, Bradley Rukstales, and Thomas Gallgher violated  18 U.S.C. § 1752(a), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; or (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions.  For purposes of Section 1752 of Title 18, a restricted building includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry Brown, Bradley Rukstales, and Thomas Gallgher violated 40 U.S.C. § 5104(e)(2), which makes it a crime for an individual or group of individuals to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; or (G) parade, demonstrate, or picket in any of the Capitol Buildings.

OFFICER JOSEPH BRUNO
UNITED STATES CAPITOL POLICE

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 7th day of January 2021.

G. Michael Harvey
2021.01.07 20:06:33
-05'00'

G.  MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**UNITED STATES OF AMERICA**

**v**                                                    **CASE NO: 5:21-mj-1009-PRL**

**MICHAEL CURZIO**

AUSA: William S. Hamilton
Deft. Atty.: Christine Bird (FPD)

| JUDGE | Philip R. Lammens | DATE AND TIME | January 14, 2021 |
|---|---|---|---|
| | | | 4:38 pm -5:05 pm |
| | | | 27 minutes |
| DEPUTY CLERK | Mari Jo Taylor | TAPE/REPORTER | DIGITAL |
| INTERPRETER | Not required | PRETRIAL/PROBATION: | Megan Martin, Bryan Coomer |

### CLERK'S MINUTES – INITIAL APPEARANCE (Rule 5c)

Defendant arrested on a Criminal Complaint from the District of Columbia. Their case number: 1:12-mj-12

Case called, appearances made, procedural settings by the Court. All parties and counsel are appearing via video pursuant to the authority granted by the Court pursuant to the Administrative Orders entered in 8:20-mc-25 regarding the CARES Act. Court confirms with both the defendant and defense counsel consent to appear via video for this hearing.

Defendant advised of rights, charges, penalties, etc.

Defendant requests court-appointed counsel.  Based on the financial affidavit  completed by defendant and/or a financial inquiry, the Court appoints Asst. Federal  Public Defender Christine Bird with reimbursement upon filing by U.S. Attorney.
**ORDER TO ENTER.**

Court advises defendant of Rule 20 rights.

Government orally moves for detention.

At request of the originating district, the Government requests to schedule a remote hearing in the District of Columbia Court for the defendant on this charge preferably before the resolution of the detention or preliminary examination hearing.

Defendant reserves his rights as to any hearings he is entitled to and requests a continuance in order to possibly retain counsel.

This initial appearance will reconvene on Tuesday, January 19th at 3:30 pm.

**ORDER OF TEMPORARY DETENTION ENTERED.**

The Court advises the defendant that if that if more information is learned as to the setting of a hearing with the District of Columbia, that the information would be conveyed to Ms. Bird.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO: 5:21-mj-1009-PRL**

**MICHAEL CURZIO**

AUSA: William S. Hamilton
Deft. Atty.: Christine Bird (FPD)

| JUDGE | Philip R. Lammens | DATE AND TIME | January 19, 2021 |
|---|---|---|---|
| | | | 3:53 pm - 4:46 pm |
| | | | 53 minutes |
| DEPUTY CLERK | Mari Jo Taylor | TAPE/REPORTER | DIGITAL |
| INTERPRETER | Not required | PRETRIAL/PROBATION: | Megan Martin |

### CLERK'S MINUTES – (Reconvene) INITIAL APPEARANCE (Rule 5c)

Case called, appearances made, procedural settings by the Court. All parties and counsel are appearing via video pursuant to the authority granted by the Court pursuant to the Administrative Orders entered in 8:20-mc-25 regarding the CARES Act. Court confirms with both the defendant and defense counsel consent to appear via video for this hearing.

Defendant was arrested on 01/14/21 for Criminal Complaint from the District of Columbia. An initial appearance was held and the defendant, through court appointed counsel, requested a continuance in order to retain private counsel and reserved his rights as to any hearings he was entitled to. The Government moved for the defendant's detention.

The district of Columbia has since filed an Information. Their case number is 1:21-mj-12.

Defendant advised of rights, charges, penalties, etc...

The defendant was previously advised of Rule 20 rights.

Defendant advises that they are prepared to go forward with the detention hearing.

Government proffers.

Defendant responds.

Court remands defendant back to the custody of the U.S. Marshal to be transported to the District of Columbia.

**COMMITMENT TO ANOTHER DISTRICT TO ENTER.**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA**

**v**                                              **CASE NO: 5:20-mj-1009-PRL**

**MICHAEL THOMAS CURZIO (#2)**

_____

## ORDER OF TEMPORARY DETENTION

The Rule 5 Initial Appearance is continued and scheduled for the following:

| **Place:** United States Courthouse 207 N.W. Second Street Ocala, Florida 34475 | **Courtroom No:** Virtual |
|---|---|
| | **Date and Time:** January 19, 2021 at 3:30 P.M. |

**IT IS ORDERED:**  Counsel requested additional time for the defendant to potentially retain counsel. The defendant is to be detained in the custody of the United States Marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date:    January 14, 2021

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

Counsel of Record
United States Marshal
United States Pretrial Services

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No.  5:21-mj-1009-PRL |
| MICHAEL CURZIO | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☐ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, but even if he had detention is warranted as addressed below.

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

    After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☒ Weight of evidence against the defendant is strong
    ☐ Subject to lengthy period of incarceration if convicted
    ☒ Prior criminal history
    ☐ Participation in criminal activity while on probation, parole, or supervision
    ☒ History of violence or use of weapons
    ☐ History of alcohol or substance abuse
    ☐ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties
    ☐ Lack of significant community or family ties to this district

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

- [ ] Significant family or other ties outside the United States
- [ ] Lack of legal status in the United States
- [ ] Subject to removal or deportation after serving any period of incarceration
- [ ] Prior failure to appear in court as ordered
- [ ] Prior attempt(s) to evade law enforcement
- [ ] Use of alias(es) or false documents
- [ ] Background information unknown or unverified
- [ ] Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

- [x] The weight of the evidence includes the affidavit of a law enforcement officer and an apparent admission of his conduct to the FBI. The charges in this case don't exist in a vacuum. The setting for the charges is well known. The Vice President, the House, and the Senate were all meeting to conduct the business of the country when this conduct allegedly occurred. Further, the conduct allege isn't just about violating the law; it was a challenge to the very existence and establishment of the law.


### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  01/19/2021

_____
PHILIP R. LAMMENS
United States Magistrate Judge

AO 94  (Rev. 01/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**UNITED STATES OF AMERICA**

**v**                                                    **CASE NO: 5:21-mj-1009-PRL**
                                 Charging District's Case No. <u>1:21-mj-12</u>

**MICHAEL CURZIO**

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the <u>District of Columbia</u>.

The defendant:     ☐ will retain an attorney.

                   ☒ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: January 19, 2021

PHILIP R. LAMMENS
United States Magistrate Judge

CLOSED, CUSTODY

# U.S. District Court
## Middle District of Florida (Ocala)
## CRIMINAL DOCKET FOR CASE #: 5:21-mj-01009-PRL-1

Case title: USA v. Curzio                              Date Filed: 01/14/2021
Other court case number: 1:21-mj-12 District of Columbia     Date Terminated: 01/19/2021

Assigned to: Magistrate Judge Philip R.
Lammens

### Defendant (1)

**Michael Curzio**                    represented by  **Christine Nan Bird**
*TERMINATED: 01/19/2021*                              Federal Public Defender's Office
                                                      Suite 102
                                                      201 SW 2nd St
                                                      Ocala, FL 34471
                                                      352/351-9157
                                                      Fax: 352/351-9162
                                                      Email: christine_bird@fd.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or*
                                                      *Community Defender Appointment*

### Pending Counts                                    ### Disposition

None

### Highest Offense Level (Opening)

None

### Terminated Counts                                 ### Disposition

None

### Highest Offense Level (Terminated)

None

### Complaints                                        ### Disposition

18:1752.P TEMPORARY RESIDENCE OF
THE PRESIDENT (Knowingly entering or
remaining in any restricted building or
grounds without lawful authority; or
knowingly, with intent to impede
Government business or official functions,
engaging in disorderly conduct on Capitol

grounds); 40:5104(e)(2) - VIOLENT
ENTRY AND DISORDERLY CONDUCT
ON CAPITOL GROUNDS

---

**Plaintiff**

USA                                    represented by    **William S. Hamilton**
                                                          US Attorney's Office - FLM
                                                          Suite 300
                                                          35 SE 1st Ave
                                                          Ocala, FL 34471
                                                          352/547-3600
                                                          Fax: 352/547-3623
                                                          Email: william.s.hamilton@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/14/2021 | 1 | Arrest pursuant to Rule 5(c)(2) of Michael Curzio from the District of Columbia. (MJT) (Entered: 01/15/2021) |
| 01/14/2021 | 2 | Minute Entry for Virtual proceedings held before Magistrate Judge Philip R. Lammens: INITIAL APPEARANCE in Rule 5(c)(3) proceedings held on 1/14/2021 as to Michael Curzio from the District of Columbia. (DIGITAL) (MJT) (Entered: 01/15/2021) |
| 01/14/2021 | 3 | ORAL MOTION to Appoint Counsel by Michael Curzio. (MJT) (Entered: 01/15/2021) |
| 01/14/2021 | 4 | **ORAL ORDER granting 3 Oral Motion to Appoint Counsel as to Michael Curzio (1). The Office of the Federal Public Defender is appointed to represent the defendant in this case. Signed by Magistrate Judge Philip R. Lammens on 1/14/2021. (MJT)** (Entered: 01/15/2021) |
| 01/14/2021 | 5 | ORAL MOTION for Detention by USA as to Michael Curzio. (MJT) (Entered: 01/15/2021) |
| 01/14/2021 | 6 | **ORDER OF TEMPORARY DETENTION as to Michael Curzio. Signed by Magistrate Judge Philip R. Lammens on 1/14/2021. (MJT)** (Entered: 01/15/2021) |
| 01/19/2021 | 8 | Minute Entry for Virtual proceedings held before Magistrate Judge Philip R. Lammens: (Reconvene) INITIAL APPEARANCE in Rule 5(c)(3) proceedings held on 1/19/2021 as to Michael Curzio from the District of Columbia. (DIGITAL) (MJT) (Entered: 01/20/2021) |
| 01/19/2021 | 9 | ORAL MOTION for Bond by Michael Curzio. (MJT) (Entered: 01/20/2021) |
| 01/19/2021 | 10 | **ORDER OF DETENTION PENDING TRIAL as to Michael Curzio. Signed by Magistrate Judge Philip R. Lammens on 1/19/2021. (MJT)** (Entered: 01/20/2021) |
| 01/19/2021 | 11 | **COMMITMENT TO ANOTHER DISTRICT as to Michael Curzio. Defendant committed to the District of Columbia. Signed by Magistrate Judge Philip R. Lammens on 1/19/2021. (MJT)** (Entered: 01/20/2021) |
| 01/19/2021 | | NOTICE to the District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Michael Curzio regarding your case number: 1:21-mj-12. Using your PACER account, you |

may retrieve the docket sheet and any documents via the case number link. No documents/record will be sent. If you require certified copies of any documents please send a request to InterdistrictTransfer_FLMD@flmd.uscourts.gov. If you wish the court to use a different email address in the future, please send a request to update your address to InterdistrictTransfer_TXND@txnd.uscourts.gov. (MJT) (Entered: 01/20/2021)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/03/2021 12:41:05 | | | |
| **PACER Login:** | BrittanyBryant:6635828:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:21-mj-01009-PRL |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**